# In the United States Court of Federal Claims

No. 19-755
Filed: September 20, 2019

| | |
|---|---|
| CHRISTOPHER R. GRANTON, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

On May 16, 2019, plaintiff, proceeding *pro se*, filed his Complaint with this Court. *See generally* Complaint. Plaintiff then filed his Amended Compliant seeking $102,000,000 in damages on June 26, 2019. *See generally* Amended Complaint (hereinafter "Am. Compl."). Plaintiff claims that the Washington State Lottery Commission ("WSLC") refused to print his lottery ticket due to a break in drawing. Am. Compl. at 5. Plaintiff alleges that the break in drawing was premature and he picked the winning numbers that were announced later that night. *Id.* As such, plaintiff claims that the WSLC breached an implied contract when it failed to print him a ticket and award him the prize. *Id.* Upon review, the Court finds that plaintiff's allegations do not give rise to any cause of action over which this Court has subject-matter jurisdiction. The Court has no authority to decide plaintiff's case, and therefore must grant the government's Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").

"This [C]ourt does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States." *Trevino v. United States,* 113 Fed. Cl. 204, 208 (citing *United States v. Sherwood,* 312 U.S. 584, 588 (1941) ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.")). Throughout his Complaint, plaintiff refers to actions taken by the WSLC, which is an agency of the State of Washington, not the United States. *See generally* Am. Compl. As such, plaintiff's breach of contract claim is dismissed because he does not allege that the United States is a party to the contract, nor does he allege that the United States was involved in any capacity.

Furthermore, plaintiff claims that the State of Washington's regulation violates the Due Process Clauses of the Fifth and Fourteenth Amendments. This Court does not have jurisdiction over claims under the Due Process Clauses because they "do not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 2005). Accordingly, plaintiff's claims under the Due Process Clauses of the Fifth and Fourteenth Amendments must also be dismissed for lack of subject-matter jurisdiction.

After filing his original Complaint with the Court, plaintiff filed an untimely request to amend his Complaint on August 20, 2019. *See generally* Am. Compl. Additionally, plaintiff filed his "Motion for Court to Appoint Council [*sic*]" on September 9, 2019. *See generally* Motion for Court to Appoint Council [*sic*]. On July 15, 2019, the government filed a motion to dismiss, requesting that the Court dismiss the complaint pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction and, alternatively, RCFC 12(b)(6) for failure to state a claim. Defendant's Motion to Dismiss at 1.

For the reasons set forth above, the government's Motion to Dismiss is hereby **GRANTED** pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction. As the Court has no jurisdiction over plaintiff's claim, it has no choice but to **DENY as moot** plaintiff's Request to Amend Complaint and plaintiff's Motion for Court to Appoint Council [*sic*]. The Clerk is hereby directed to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge